UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| ROBERT A. HOLTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.  4:20-CV-532 RLW |
| | ) |
| MISSOURI PUBLIC DEF. OFFICE, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Robert A. Holts, an inmate incarcerated at St. Charles County Detention Center, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion and assess an initial partial filing fee of $1.00. Additionally, for the reasons discussed below, the Court will dismiss the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Background**

On April 3, 2012, plaintiff pled guilty in the Circuit Court for the County of St. Louis to several counts of felony sexual assault, statutory rape in the second degree, statutory sodomy in the second degree, child molestation, and sexual misconduct in the second degree. On the same date, the Court sentenced plaintiff to ten years imprisonment. Plaintiff did not file a direct appeal, nor did he seek post-conviction relief. *See State v. Holts,* No. 11SL-CR06748-01 (21st Jud. Cir., St. Louis Cty.).

Currently pending in the Circuit Court for St. Charles County is a petition brought pursuant to Missouri Revised Statutes §§ 632.480 through 632.513 to have plaintiff declared a sexually violent predator. *See In re Robert A. Holts,* No. 1811-PR00207 (11th Jud. Cir., St. Charles Cty.). A trial has been set for July 15, 2020.

Plaintiff filed an application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 on January 31, 2020 seeking to challenge his 2012 convictions. *See Holt v. Keen,* No. 4:20-CV-188 AGF (E.D.Mo 2020). The Court required plaintiff to show cause why his petition should

2

not be denied as time-barred. Plaintiff failed to properly show cause, and his petition was dismissed on April 10, 2020. *Id.*

## Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not

3

alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff filed the instant complaint on April 14, 2020, against the Missouri Public Defender's Office, Louis Drossman and Robert M. Wohler. Plaintiff sues defendants pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights.

Plaintiff asserts that Drossman and Wohler were assigned as his public defender in several actions between 1990 and 1991.[1] *See State v. Holts*, No. 11R019102177 (11th Judicial Circuit, St. Charles County Court); *State v. Holts*, No. 11R019001269 (11th Judicial Circuit, St. Charles County Court); *State v. Holts*, No. 11R019001281 (11th Judicial Circuit, St. Charles County Court).

He claims that defendants failed to adequately represent him in his criminal proceedings and provided him ineffective assistance of counsel. He alleges that Drossman and Wohler failed to take adequate time with his cases and investigate his claims for defense. He states that both attorneys were in a hurry to settle his cases, asking him to plead guilty. Plaintiff asserts that this has caused him pain and suffering and he seeks monetary relief.

**Discussion**

Plaintiff seeks damages from Drossman and Wohler, as well as the Missouri Public Defender's Office as a whole, for wrongs they allegedly committed while defending his criminal prosecutions in Missouri State Court. However, he does not state any direct allegations of

---

[1] It is not entirely clear from plaintiff's complaint if defendant Wohler was employed by the Missouri Public Defender's Office or if he was a criminal defense attorney who took court appointments. For the purposes of the Court's analysis, it makes no difference. Defendant Wohler was not acting under color of state law at the time he was performing counsel to defendant in his state criminal proceedings.

constitutional violations against these defendants. Regardless, the complaint fails to state a claim upon which relief can be granted because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). As a result, plaintiff's § 1983 claims against these defendants will be dismissed.

After carefully reading and liberally construing the complaint and both motions, the Court concludes that the complaint is subject to dismissal. It is apparent that the problems with the complaint would not be cured by permitting plaintiff to file an amended pleading. The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 2) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 27th day of April, 2020.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE